## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

FRANK BRETT,

      Plaintiff,

v.                                   Case No. 4:22-cv-311-MW/MJF

JOE BIDEN, *et al.*,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*, initiated this civil action under the Crime Victims' Rights Act against 112 defendants, including President Joseph Biden, Jill Biden, former United States Attorney General William Barr, and the "Jeff Epstein Gang." Doc. 1. Because Plaintiff's claims are frivolous, the undersigned recommends that the District Court dismiss this action under 28 U.S.C. § 1915(e)(2)(B)(i).

### I. PLAINTIFF'S COMPLAINT

Plaintiff's complaint spans 62 hand-written pages. The complaint is disorganized and some portions are illegible. Doc. 1 at 12-28, 31-61. Plaintiff appears to assert claims under "Title 119 USC (A) 7(B)(D)" and 18 U.S.C. § 3771. *Id.* at 8 (errors in original). As relief, he requests an injunction "from Jeff &

[illegible] Epstein Gang, Ghisulene Maxwell, Isabel Maxwell." *Id.* (errors in original).

## II. DISCUSSION

Because Plaintiff is proceeding *in forma pauperis*, the court is required to review his complaint for, among other things, frivolity. 28 U.S.C. § 1915(e)(2)(B)(i). A court may dismiss a claim as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).

### 1.    *Plaintiff's Complaint Is Frivolous as a Factual Matter*

A claim is factually frivolous when it lacks any arguable basis in fact. *Denton*, 504 U.S. at 31; *Neitzke*, 490 U.S. at 325. Claims are frivolous as a factual matter when they are based on fantastic, delusional, or incredible "facts." *Denton*, 504 U.S. at 32-33; *Neitzke*, 490 U.S. at 328; *see Ashcroft v. Iqbal*, 556 U.S. 662, 696 (2009) (noting that a claim is factually baseless when the "allegations are sufficiently fantastic to defy reality as we know it").

Although some of Plaintiff's factual allegations are simply incomprehensible, he mentions, among other things, that:

- "Joe and Jill Biden already have admitted that they committed civil Rights violation on Me and several of My Friends when he was vice president";

- "Joe Biden used his Catholic Cardinals to coverup all of them listening into [Plaintiff's] conversations without a warrant";

- Bruce Willis and Demi Moore "were the Biggest criminal [illegible]" and "Paegans Gang Members";

- 541 murders committed by Billy Bulgar, Charles Cullen, Paul Castellano, and "Gilgo Beach" are attributable to Hunter Biden;

- "70 Attorney's with The Help of [illegible] and his 8 member vice squad broke into over 750 Homes of Rich clients from (1994-2010) in Palm beach County, FL and Broward County Fla";

- "4 Latin Men . . . spray[ed] Covid 19 water" in his face;

- "The Secret Police have invaded Manhatten";

- he purchased clothing, "May be a versachi, as an undercover opperation with 'The Secret Service'"; and

- President Biden, Vice President Harris, Billy Bulger, and former New Jersey Governor Chris Christie, among others, are members of "The Criminal Gang."

Doc. 1 at 4, 12-13, 15-16, 18, 21, 37-38, 40 (errors and emphases in original).

Plaintiff fails to articulate how any of these matters are related to each other or how they support his claims. Additionally, Plaintiff's factual allegations are wholly incredible. Because Plaintiff's complaint is frivolous, and he cannot cure this

frivolity simply by an amendment of his complaint, the District Court should dismiss Plaintiff's complaint. *Gary v. U.S. Gov't*, 540 F. App'x 916, 916 (11th Cir. 2013) (affirming a district court's dismissal of a plaintiff's claims that several "high-level government officials, including President Barak Obama, . . . implanted microchips into her body" because the plaintiff's allegations were factually frivolous).

### 2. *Plaintiff's Claims Lack Any Foundation in Law*

In addition to asserting frivolous facts, Plaintiff's claims are frivolous as a matter of law and he fails to assert a recognized legal interest.

A claim is legally frivolous when it lacks an arguable basis in law. *Denton*, 504 U.S. at 31; *Neitzke*, 490 U.S. at 325. A district court may dismiss a claim for its frivolity when it "is based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327. A claim is frivolous as a matter of law if it asserts an "infringement of a legal interest which clearly does not exist." *Id.* at 327-28.

First, plaintiff attempts to assert a claim under "Title 119 USC (A) 7(B)(D)." No such statute exists. A non-existent statute obviously provides no basis for a claim.

Second, Plaintiff attempts to assert a claim under 18 U.S.C. § 3771. Section 3771 at least is a statute enacted by Congress. It bears the heading "**Crime victims' rights**," and consistent with this heading, this statute sets forth various rights enjoyed by crime victims. This statute, however, does not create a private right of action authorizing crime victims to seek judicial enforcement of Crime Victims' Rights Act

rights outside the confines of a preexisting proceeding. *In re Wild*, 994 F.3d 1244, 1269 (11th Cir. 2021) (en banc).

Because Plaintiff has not stated a legal basis for his claims, for this reason as well, the District Court should dismiss this civil action. *See Neitzke*, 490 U.S. at 327 (holding that the *in forma pauperis* statute authorizes district courts to dismiss complaints that are frivolous because they claim "infringement of a legal interest which clearly does not exist").

### 3.    *Plaintiff's Long and Extensive History of Asserting Frivolous Claims*

In determining frivolousness, a district court also may consider a litigant's history of asserting frivolous claims. *Bilal v. Driver*, 251 F.3d 1346, 1350 (11th Cir. 2001).

Plaintiff has a long history of filing frivolous civil actions. Indeed, between 2006 and 2016, Plaintiff filed at least 148 lawsuits, nearly all of which were dismissed because they were "deemed incomprehensible and/or patently frivolous." *Brett v. Brown*, No. 2:16-cv-6916-SVW (KES), Doc. 6 at 1 (C.D. Cal. Sept. 30, 2016).

Additionally, because Plaintiff has filed multiple frivolous civil actions in other districts, several district courts have curtailed Plaintiff's ability to file civil actions in those districts. These include (1) the District of Delaware (*Brett v. Unknown Black Women Jogger*, No. 1:12-cv-1516-GMS, Doc. 10 at 2 ¶ 1 (D. Del.

Nov. 25, 2013)); (2) the Orlando Division of the Middle District of Florida (*Brett v. U.S. Marshall Rodriguez*, No. 6:17-cv-313-Orl-18KRS, Doc. 9 at 2 ¶ 5 (M.D. Fla. Mar. 28, 2017)); (3) the Southern District of Florida (*Brett v. Mrs. Powel*, No. 0:16-cv-60485-KMM, Doc. 5 at 4 (S.D. Fla. Mar. 11, 2016)); and (4) the Middle District of Pennsylvania (*Brett v. Trump*, No. 1:21-cv-1059, Doc. 12 at 1 (M.D. Pa. Aug. 16, 2022)).

Plaintiff's long and extensive history of asserting frivolous claims further indicates that Plaintiff is asserting frivolous claims in this civil action and that the appropriate action is dismissal with prejudice.

### III. CONCLUSION

The undersigned respectfully **RECOMMENDS** that the District Court:

1.    **DISMISS** this action with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i), because it is frivolous.

2.    **DIRECT** the clerk of the court to close this case.

At Pensacola, Florida, this 1st day of September, 2022.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C.**

**§ 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any facts taken from judicially-noticed documents, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of those facts, they must raise this issue in an objection to this report and recommendation.**